**[PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 21 2002
THOMAS K. KAHN
CLERK

No. 01-16311

D. C. Docket No. 01-00076 CR-C-S

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

JOSE DAVID CARO,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Alabama

(October 21, 2002)

Before DUBINA, MARCUS and GOODWIN*, Circuit Judges.

_____

*Honorable Alfred T. Goodwin, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

DUBINA, Circuit Judge:

This is a child pornography case. The United States of America ("the government") appeals the ten-month concurrent sentences imposed by the district court upon appellee Jose David Caro's ("Caro") guilty plea to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2001), one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (2001), and one count of transporting and shipping child pornography in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(1) (2001). For the reasons that follow, we vacate Caro's sentence and remand this case to the district court for further proceedings consistent with this opinion.

## I. BACKGROUND FACTS

While investigating an individual in Austin, Texas, United States Customs Service Agents ("agents") discovered that the investigated person was exchanging child pornography with an individual using the screen name of "DonHaley," which agents discovered belonged to Caro. The Shelby, Alabama, Sheriff's Office subsequently executed a search warrant at Caro's residence. Initially, Caro denied having any child pornography on his home computer and denied agents permission to search his computer. When the agents advised Caro of the search warrant, he admitted that he had child pornography on his computer. Caro told agents that

2

they would find between 200 and 500 images of child pornography in his possession. He also stated that he had been attracted to minor girls for four or five years, but claimed that his attraction was only a fantasy upon which he had never acted. He admitted to trading child pornography for three years.

Law enforcement officers found many images of child pornography on Caro's computer, as well as a pair of girl's panties that Caro had hidden under a sofa. Although Caro initially claimed that the panties belonged to his wife, he later admitted that the panties belonged to a young girl who lived across the street from his parents' residence. He stated that he took the panties when his parents were house sitting for the girl's family. He denied any contact with this girl.

The agent's subsequent examination of Caro's computer revealed thousands of images of child pornography, including depictions of children, from infants to teenagers, engaged in sexual activity, that Caro had downloaded from the internet. The pictures showed very young children engaged in anal and vaginal intercourse with adult males, young children engaged in oral sex with adult males, and children in bondage or being tortured. Law enforcement officers also discovered stories written by Caro. These stories depicted in graphic detail sexual abuse of children and sexual activity occurring between adults and children on a planet colonized by pedophiles. One of Caro's stories described the desire for him and

his wife to adopt a foster child so his wife could engage in sexual acts with little boys. Caro also wrote that he wanted a seven-year-old girl so he could teach her to make love to little boys and dogs. The agents also found a notebook containing hundreds of clippings of articles about young girls, many with their pictures, on which Caro had written captions describing the sex acts that he would like to perform with or see performed on the young girls.

In the pre-sentence investigation report ("PSI"), the probation officer recommended a total adjusted offense level of 27, which included a four-level increase, pursuant to the United States Sentencing Guidelines ("USSG") § 2G2.2(b)(3) (2001), based on her determination that the offenses involved material portraying sadistic or masochistic conduct or other depictions of violence. Caro objected to this enhancement, contending that it was inappropriate in this case. Prior to sentencing, Caro also filed a motion for downward departure, pursuant to USSG § 5K2.13 (2001), based on his allegation that he committed the offenses while suffering from a significantly reduced mental capacity due to his addiction to child pornography. In support of this motion, Caro submitted the report of Dr. Joyce McKay, a licensed professional counselor specializing in sexual addictions, who treated Caro after his arrest and opined that Caro suffered from a sexual addiction.

At sentencing, the government stated that it had evidence that would support the four-level enhancement for portrayal of sadistic or masochistic conduct, in accordance with *United States v. Garrett*, 190 F.3d 1220 (11th Cir. 1999). When Caro's counsel indicated that he intended to withdraw his objection to this enhancement, the district court responded, "[a]re you sure that is what you want to do?" (R4-4). Then, based on its interpretation of *Garrett,* the district court concluded that unless the government provided the court with medical evidence that the minor children depicted in the pictures suffered pain, it would not impose the enhancement. Caro's counsel then stated that he would not withdraw his objection, and the government conceded that it was not prepared to call a medical expert because it assumed that Caro was going to withdraw his objection.

At the conclusion of the sentencing hearing, the district court found that Caro's adjusted offense level was 23, which, when combined with a criminal history category of I, yielded a guideline sentencing range of 46 to 57 months imprisonment. The district court then granted Caro's motion for downward departure, concluding that Caro suffered from a significantly reduced mental capacity at the time he committed the offenses, and thus, his ability to control his behavior, which he knew was wrong, was significantly impaired by his sexual addiction. The court attributed fifty percent of Caro's responsibility for the offense

conduct to reduced mental capacity. The court then departed downward 11 levels to offense level 12, which yielded a guideline sentencing range of 10 to 16 months. The court split the low end of that range and sentenced Caro to serve five months at a community treatment center and an additional five months in home detention without electronic monitoring. The court also imposed a two-year term of supervised release with certain special conditions. The government then perfected this appeal.

## II.  ISSUES

(1) Whether the district court erred in refusing to apply a four-level enhancement, pursuant to USSG § 2G2.2(b)(3), based on its reasoning that the government had to present expert medical evidence to support a finding that the images of child pornography Caro possessed were sadistic, masochistic, or otherwise violent.

(2) Whether the district court abused its discretion in granting Caro's motion for a downward departure, pursuant to USSG § 5K2.13, for diminished capacity based on Caro's sexual addiction.

## III.  STANDARD OF REVIEW

Because the government challenges the district court's application of the sentencing guidelines to the facts of this case, this court reviews the issues *de novo*. *United States v. Tucker*, 136 F.3d 763, 764 (11th Cir. 1998).

## IV.  DISCUSSION

### A.  Four-Level Enhancement Under U.S.S.G. § 2G2.2(b)(3)

The government argues that the district court erred in failing to apply a four-level enhancement under USSG § 2G2.2(b)(3) when it refused to find, without expert testimony showing that the images on Caro's computer involved pain to the minors portrayed, that these images constituted sadistic or masochistic material. Contrary to the district court's interpretation, the government contends that *Garrett* makes no requirement that the government present such expert testimony to establish the sadistic nature of the pornography in question.  We agree with the government.

In *Garrett*, we affirmed the district court's finding, based on the medical expert testimony, that the act of adult men's vaginal and anal penetration of children between eight and eleven years of age would be considered sadistic.  We did not, however, impose a requirement that the government must present expert testimony to support a § 2G2.2(b)(3) enhancement.  190 F.3d at 1224.  Further, we

recently clarified our ruling in *Garrett* regarding what constitutes a sadistic image. *United States v. Bender*, 290 F.3d 1279 (11th Cir. 2002). In *Bender*, we held that photographs of adult males vaginally and anally penetrating very young children depicted the "subjection of a young child to a sexual act that would have to be painful" and, thus, are sadistic images warranting a § 2G2.2(b)(3) enhancement. 290 F.3d at 1286 (internal quotations omitted). Although a medical doctor in *Bender* testified as to the ages of the children in the pornographic images seized from the defendant, the doctor did not offer any expert medical opinion as to whether there was pain involved to the minors depicted, and we did not refer to any medical testimony in our discussion upholding the sadistic conduct enhancement. 290 F.3d at 1286-87.

In the present case, the record shows that after executing their search warrant, law enforcement officers found approximately 30,000 images depicting children in various types of sexual conduct or sadomasochistic behavior on Caro's computer. Additionally, law enforcement officials found several hundred other pictures that Caro printed from his computer and hid in various locations in the residence. One exhibit depicted a nude Asian girl with a collar chained around her neck and other restraining devices on her body. Other images showed adult males vaginally and anally penetrating prepubescent girls, prepubescent girls being anally

and vaginally penetrated by use of foreign objects, and prepubescent girls in leg restraints or tied in ropes being penetrated vaginally and anally by adult males.

We have clearly held that such penetration would be painful to young children, and that pictures depicting young children being subjected to sexual acts that would have to be painful - without reference to any supporting expert medical testimony - are sadistic images warranting a § 2G2.2(b)(3) enhancement. *Bender*, 290 F.3d at 1286-87. Moreover, the pictures depicted one child chained and some children bound. We have held that pictures of minors in bondage are sufficient to warrant the sadistic conduct enhancement. *United States v. Tucker*, 136 F.3d 763, 764 (11th Cir. 1998) (stating that photographs depicting minors in bondage come within the purview of U.S.S.G. § 2G2.2(b)(3)); *see also United States v. Kimbrough*, 69 F.3d 723, 734 (5th Cir. 1995) (holding that pictures of a minor female in bondage downloaded on to the defendant's computer depicted sadistic conduct). Accordingly, upon a considered review of the images possessed by Caro, we have little difficulty concluding that they were sadistic within the meaning of § 2G2.2(b)(3), and that a four level sentencing enhancement was warranted under that section. Moreover, we hold that the district court erred in its interpretation that, in order to support a sadistic conduct enhancement, the

government is required to present expert medical testimony to prove whether the images necessarily involved pain to the minors involved.[1]

B. Downward Departure - Reduced Mental Capacity

The government argues next that the district court erred in granting Caro a downward departure because Caro failed to carry his burden of proving that, due to his sexual addiction, he committed the offenses while suffering from a significantly reduced mental capacity. The government contends on appeal that Caro's expert's diagnosis - that Caro suffers from a sexual addiction and that collecting child pornography was his way of medicating this addiction - is not sufficiently different from impulse control disorder, which this court expressly rejected as a basis for a downward departure. *United States v. Miller*, 146 F.3d 1281, 1286 (11th Cir. 1998). The government also maintains that this case does not fall outside the heartland of cases because Caro's expert admitted that Caro's condition was not

---

[1] A review of the decisions of other circuits examining § 2G2.2(b)(3) reveals that, similar to this circuit, no circuit requires expert medical testimony in determining whether child pornography, which a defendant possessed, was sadistic. *See e.g., United States v. Parker*, 267 F.3d 839, 846-47 (8th Cir. 2001), *cert. denied*, 122 S. Ct. 1592 (2002); *United States v. Lyckman*, 235 F.3d 234, 237-40 & n. 22 (5th Cir. 2000) (noting that "[o]ne hardly requires a medical degree to ascertain that vaginal intercourse with an adult male would involve pain, both physical and emotional, for a young girl"), *cert. denied*, 532 U.S. 986 (2001); *United States v. Turchen*, 187 F.3d 735, 738-40 (7th Cir. 1999); *United States v. Canada*, 110 F.3d 260, 264 (5th Cir.1997); *United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996); *Kimbrough*, 69 F.3d at 734. Furthermore, a review of the unpublished opinions regarding this issue also reveals that no circuit has required the government to present expert medical testimony regarding a child's pain when considering a § 2G2.2(b)(3) enhancement.

atypical to other people who collect a sizeable amount of child pornography and are addicted to collecting it. Again, we agree with the government.

Caro's attempt to distinguish *Miller* because it was decided prior to the 1998 amendment of § 5K2.13 fails because *Miller* was not decided on the basis of the text of § 5K2.13, but rather on the basis that the defendant's case was not outside the heartland of cases. *Miller*, 146 F.3d at 1286. As in *Miller*, the offense conduct in this case - Caro's receipt, possession, and distribution of child pornography - is exactly the sort of conduct that Congress intended to regulate in 18 U.S.C. § 2252A(a)(1), (a)(2)(A), and (a)(5)(B). *Miller*, 146 F.3d at 1285 (applying the same rationale to 18 U.S.C. § 2252(a)(1)). Additionally, the district court made no finding that Caro was not a typical collector or purveyor of child pornography. On the contrary, Caro's expert, Dr. McKay, admitted that most people who collect a sizable amount of child pornography are in someway addicted to collecting it. Moreover, although it cannot be disputed that Caro collected child pornography as a method of medicating his addiction, and thus, his addiction was causally linked to the receipt and possession of child pornography, the offenses of conviction in Counts 1 and 2, there is no evidence in the record that shows a causal link between Caro's sexual addiction and his distribution of child pornography, the offense of

conviction in Count 3.  *See United States v. Steele*, 178 F.3d 1230, 1240 (11th Cir. 1999).

Accordingly, because this case is not outside the heartland of cases, we conclude that the district court abused its discretion in granting a downward departure pursuant to USSG § 5K2.13.  Because there is no merit to any of the arguments Caro presents in this appeal, we vacate his sentence and remand this case to the district court with directions that on re-sentencing, it apply the four-level increase under § 2G2.2(b)(3), deny Caro's request for a downward departure, and re-sentence him within the guideline sentencing range of 70-87 months imprisonment.

**VACATED and REMANDED**.