FILED
United States Court of Appeals
Tenth Circuit

July 16, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IGNACIO BATRES, JR.,

Defendant - Appellant.

No. 07-3198

(D. Kansas)

(D.C. No. 07-CR-10019-WEB)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

**I.     Introduction**

Appellant Ignacio Batres, Jr. was convicted of possessing child

pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The Presentence

_____

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Investigation Report ("PSR") calculated a base offense level of eighteen to which it recommended applying a four-level increase because the pornographic material possessed by Batres portrayed "sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.2(b)(4). Batres filed a written objection to the PSR, contesting, *inter alia*, this four-level increase to his base offense level. The district court overruled the objection and sentenced Batres to seventy months' imprisonment, the low end of the advisory guidelines range. Batres appeals, challenging the application of the four-level increase. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** Batres's sentence.

## II. Discussion

Batres was charged in a three-count indictment with possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), and criminal forfeiture, pursuant to 18 U.S.C. § 2253(a)(3). He entered into a written plea agreement with the Government and ultimately pleaded guilty to the possession and forfeiture charges. A United States Probation Officer then prepared a PSR which calculated Batres's base offense level as eighteen. *See* U.S.S.G. § 2G2.2(a)(1). Adjustments to the base offense level resulted in a net increase of twelve levels. Batres filed written objections to the imposition of a recommended enhancement pursuant to U.S.S.G. § 2G2.2(b)(4), which provides for a four-level increase to the base offense level if the offense of conviction "involved material that portrays

-2-

sadistic or masochistic conduct or other depictions of violence." The district court overruled the objection and applied the enhancement when it calculated Batres's advisory guidelines range.[1] The court sentenced Batres to seventy months' imprisonment based on a total offense level of twenty-five and a criminal history of III. In this appeal, Batres argues his sentence is procedurally unreasonable because the district court incorrectly calculated his advisory guidelines range when it applied the § 2G2.2(b)(4) enhancement.

This court reviews federal criminal sentences for reasonableness, applying a deferential standard of review. *Gall v. United States*, 128 S. Ct. 586, 591, 594 (2007). "A sentence is procedurally unreasonable if the district court incorrectly calculates or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the § 3353(a) factors, relies on clearly erroneous facts, or inadequately explains the sentence." *United States v. Haley*, No. 07-5041, 2008 WL 2514156, at *3 (10th Cir. June 25, 2008). In this appeal, Batres confines his argument to an assertion that the district court incorrectly calculated his advisory guidelines range.

The base offense level of a defendant convicted of violating 18 U.S.C. §2252(a)(4)(B) is properly increased by four levels if the material he possessed "portrays sadistic or masochistic conduct or other depictions of violence."

---

[1]Batres also objected to a recommended five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B). That objection was sustained by the district court and the enhancement is not relevant to this appeal.

U.S.S.G. § 2G2.2(b)(4). After viewing several of the images retrieved from Batres's computer, the district court found that they depicted sexual penetration of prepubescent children by adults and Batres does not challenge this finding. Applying our holding in *United States v. Kimler*, 335 F.3d 1132, 1143 (10th Cir. 2003), the district court concluded the factual basis for the § 2G2.2(b)(4) enhancement was properly inferred "from the particular nature of the images and what is portrayed therein." It is clear that the district court did not err.

In *Kimler*, we held that an image of an adult sexually penetrating a prepubescent child portrays conduct from which a court can presume that pain and humiliation were inflicted upon the child as a means to give sexual gratification to the viewer of the image and, thus, is inherently sadistic or violent for purposes of § 2G2.2(b)(4). 335 F.3d at 1143; *accord United States v. Hoey*, 508 F.3d 687, 691-92 (1st Cir. 2007); *United States v. Diaz*, 368 F.3d 991, 992 (8th Cir. 2004); *United States v. Myers*, 355 F.3d 1040, 1043-44 (7th Cir. 2004); *United States v. Caro*, 309 F.3d 1348, 1351-52 (11th Cir. 2002); *United States v. Lyckman*, 235 F.3d 234, 238-39 (5th Cir. 2000); *United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996). Contrary to Batres's arguments, there is no further burden on the part of the Government to prove that the adult in the image derived sexual pleasure from the act. We also reject Batres's argument that the facial expressions of the child victims or the staging of the photograph to present these heinous acts in a "positive light" is relevant to the inquiry. Once the district court

has found that the images depict the sexual penetration of young children by adults, the enhancement may be properly applied. *Kimler*, 335 F.3d at 1143.

## III.   Conclusion

The sentence imposed by the district court is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge