[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10251
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00087-MMH-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES D. SPENCE, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 21, 2012)

Before DUBINA, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant James D. Spence, Jr. appeals his statutory maximum sentence of 240 months, imposed after he pled guilty to four counts of interstate transmissions of threats to injure, in violation of 18 U.S.C. § 875(c). Spence engaged in conduct that occurred between October 13, 2010, and October 22, 2010, when he made over 1,000 telephone calls to hospitals around the country and told the women who answered the phones that he was engaging in, or would engage in, sexual conduct with minor girls. The district court, after finding that the Guidelines did not adequately take into account the nature of Spence's conduct, departed upward pursuant to U.S.S.G. § 5K2.0. The court also determined that Spence's criminal history category substantially under-represented the likelihood of his committing further crimes and departed upward pursuant to § 4A1.3. Spence's post-departure guideline range was thus 51 to 63 months.[1] The court then imposed 60 months on each count and ordered the sentences to be served consecutively, after considering the factors in 18 U.S.C. § 3553(a).

On appeal, Spence argues this his total sentence is procedurally unreasonable because the court misapplied the Guidelines when it (1) ordered the sentences to run consecutively, and (2) based the consecutive sentences on

---

[1]However, the statutory maximum term of imprisonment is 60 months. 18 U.S.C. § 875(c). The capped guideline range, therefore, is 51-60 months. U.S.S.G. § 5G1.1(c)(1).

2

unsubstantiated assertions. He argues that the sentence is substantively unreasonable because (1) the variance resulting from running the sentences consecutively is not justified by compelling reasons; and (2) the court erred in weighing the § 3553(a) factors. We consider his arguments in turn below.

## I. Procedural Unreasonableness

### A. *Consecutive Sentences*

First, Spence argues that his sentence was procedurally unreasonable because the district court misapplied U.S.S.G. § 5G1.2 by misinterpreting the term "total punishment." He contends that the Guidelines permitted the court to impose consecutive sentences only to the extent necessary to achieve the "total punishment" from *within* the guideline range. Thus, the court was authorized to impose consecutive sentences only to the extent necessary to achieve a total punishment of 63 months, the top of his applicable guideline range.

We review objections not raised before the district court for plain error only. *United States v. Swatzie*, 228 F.3d 1278, 1281 (11th Cir. 2000). To establish plain error, a defendant must show that there is (1) error, (2) that is plain, and (3) that affects substantial rights. If those elements are met, we may then exercise our discretion to notice a forfeited error, "but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal

3

quotation marks omitted). An error that affects substantial rights almost always means an error that affects the outcome of the district court proceedings. *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009). To meet the defendant's burden of proving that the error affected his substantial rights, the defendant must establish a  probability sufficient to undermine confidence in the outcome. *Id.*

If multiple terms of imprisonment are imposed on a defendant at the same time, the terms may run concurrently or consecutively. 18 U.S.C. § 3584(a). "Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively." *Id.* When determining whether to impose concurrent or consecutive sentences, the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b). The § 3553(a) factors include the need to reflect the seriousness of the offense, provide for just punishment, deter criminal conduct, protect the public from the defendant's future crimes, the nature and circumstances of the offense, the history and characteristics of the defendant, and the applicable guideline range. 18 U.S.C. § 3553(a)(1)-(7).

Here, the record shows that the district court imposed consecutive sentences pursuant to 18 U.S.C. §§ 3584 and 3553(a). Because the district court imposed consecutive sentences pursuant to its statutory authority, and not based on

§ 5G1.2, we conclude that the district court did not commit error, plain or otherwise.

B. *Unsubstantiated Assertions*

Next, Spence argues that the district court committed procedural error because the decision to run his sentences consecutively was based on "clearly erroneous facts." He argues that the court accepted the government's representations that "hundreds" of victims had been "terrorized," without any evidence presented to support such a finding. Spence argues that the court's factual findings must be based on reliable and specific evidence, but the court merely speculated that the recipients of his calls felt "utter horror," as the government did not present any witness testimony.

We review the district court's factual findings for clear error, and its application and interpretation of the Guidelines *de novo*. *United States v. Kinard*, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006).

A sentence may be procedurally unreasonable if the district court failed to accurately calculate the guideline range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, *selected a sentence based on clearly erroneous facts*, or failed to adequately explain the reasons for the sentence. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007)

5

(emphasis added). The district court is entitled to make factual findings based on, among other things, undisputed statements within the presentence investigation report ("PSI"), or evidence presented during the sentencing hearing. *United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007). If a defendant does not dispute the facts in the PSI, those facts are deemed admitted. *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005).

According to the undisputed facts in the PSI, Spence made over 1,000 telephone calls to 29 listed victims. *Shelton*, 400 F.3d at 1330. Because the PSI, without dispute, indicated that at least 1,000 calls were made, and the court referenced only the number of calls during its § 3553(a) analysis to run the sentences consecutively, it did not rely on speculative facts. *Smith*, 480 F.3d at 1281.

Moreover, sufficient evidence was presented in the PSI to allow the court to infer that the victims of Spence's calls were "terrorized." The PSI described the calls in graphic detail. The calls described sexual conduct that Spence stated he had performed, or was going to perform, with young girls. The court even listened to one of the recorded calls and found that the words "vile, depraved, horrific, [and] repugnant" were inadequate to describe their nature. The court noted that the victims – the women who answered the phones – would feel "utter horror and

6

helplessness" at not being able to help the children that Spence was claiming to molest.  No further evidence was required. *Cf. United States v. Caro*, 309 F.3d 1348, 1351-52 (11th Cir. 2002) (holding that expert testimony was not required to find that child pornography was sadistic in nature, when sadism was self-evident in the photographs).

Accordingly, we conclude that the district court did not clearly err in its findings of fact, and the 240-month total sentence was not procedurally unreasonable. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

## II. Substantive Unreasonableness

A. *Degree of Variance*

Next, Spence argues that his sentence was substantively unreasonable because the variance, achieved by running the four sentences consecutively, was extreme and not justified by sufficiently compelling reasons. He argues that, after the departures, his guideline range was 51 to 63 months. Thus, the 240-month total sentence is 4.7 times higher (370%) than the low end of that guideline range.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard."  *Gall*, 552 U.S. at 41, 128 S. Ct at 591. Extraordinary justification or rigid mathematical formulas are not required for a sentence outside the guideline range, but the district court should explain why the variance is

appropriate in a particular case and "the justification for the variance must be sufficiently compelling to support the degree of the variance." *United States v. Irey,* 612 F.3d 1160, 1186-87 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted), *cert. denied,* 131 S. Ct. 1813 (2011).

While the degree of the variance here was large, we are persuaded that the facts of this case support such a large variance. A 63-month sentence would be wholly inadequate to effect the purposes of sentencing and the § 3553(a) factors. The district court's reasons were sufficiently compelling to warrant a 240-month total sentence. *Irey,* 612 F.3d at 1186-87. The court noted that "vile, depraved, horrific, and repugnant" were inadequate to describe the nature of the calls. Spence's history and characteristics show that he has committed the same type of criminal behavior for 40 years and is almost certain to recidivate. Previous sentences did nothing to deter Spence from engaging in this heinous conduct. Accordingly, we conclude that the district court did not abuse its discretion in running the sentences consecutively to impose a total 240-month sentence, the statutory maximum.

B. *Weighing the § 3553(a) Factors*

Finally, Spence argues that his total sentence is substantively unreasonable because the court erred in weighing the § 3553(a) factors. He argues that, because

8

the court erroneously found that hundreds of victims were terrorized, the court necessarily weighed the § 3553(a) factors unreasonably against his personal characteristics (his paraphilia[2]), the need for the sentence imposed to provide him with needed medical care, and the sentencing range established for the applicable category of offense he committed (51 to 63 months).

On appeal, the party challenging the sentence has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). A district court abuses its discretion when it balances the § 3553(a) factors unreasonably or places unreasonable weight on a single factor. *Irey*, 612 F.3d at 1189. We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)). A district court's unjustified reliance upon any one § 3553(a) factor may be a symptom of an unreasonable sentence. *United States v. Pugh*, 515 F.3d 1179,

---

[2]Paraphilia is defined as "a type of mental disorder characterized by a preference for or obsession with unusual sexual practices, as pedophilia, sadomasochism, or exhibitionism." *Paraphilia Definition*, DICTIONARY.COM, http://dictionary.reference.com/browse/paraphilia (last visited Oct. 22, 2012).

1191 (11th Cir. 2008).

The PSI indicates that Spence has committed the same or similar offenses for 40 years. 18 U.S.C. § 3553(a)(1) (characteristics of the defendant). His criminal history shows that he is nearly certain to recidivate. 18 U.S.C. § 3553(a)(1) (history and characteristics of the defendant). A lengthy sentence is required to reflect the serious nature of Spence's 1,000-plus  phone calls, as well as to promote respect for the law, and provide just punishment. 18 U.S.C. § 3553(a)(2)(A) (reflect seriousness of offense, promote respect for law, provide just punishment). The nature of the calls was described as "vile, repulsive, [and] disgusting." 18 U.S.C. § 3553(a)(1) (nature and circumstances of offense). Previous sentences did nothing to deter Spence from engaging in the same type of criminal behavior. 18 U.S.C. § 3553(a)(2)(B) (afford adequate deterrence). The only way to protect the public from further criminal conduct by Spence is incarceration because a telephone is the only thing required for him to place more threatening calls. 18 U.S.C. § 3553(a)(2)(C) (protect the public from defendant).

The record does not indicate that the district court abused its discretion in balancing the § 3553(a) factors or placing unreasonable weight on a single factor. *See Irey*, 612 F.3d at 1189; *Pugh*, 515 F.3d at 1191. Although Spence argues that the court exclusively focused on his criminal history, the court clearly stated that it

10

considered heavily the factors of deterrence, protection of the public, and just punishment.

For the aforementioned reasons, we affirm Spence's sentence.

**AFFIRMED.**