[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11774
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-10013-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DREW ALEXANDER YOUNG,
a.k.a. Drew Y,
a.k.a. dyshizzl,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 4, 2017)

Before MARCUS, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Drew Young appeals his 235-month sentence, imposed after he pleaded guilty to one count of sexually exploiting a minor for the purpose of producing a visual depiction of sexually explicit conduct, in violation of 18 U.S.C. § 2251(a). Specifically, Young appeals the district court's application of a four-level enhancement, under U.S.S.G. § 2G2.1(b)(4), for an offense involving material portraying sadistic, masochistic, or otherwise violent content.  Young argues that the photo did not depict subjugation or pain, as the minor acted of her own volition and was not directed by Young.

"We review a sentencing court's findings of fact for clear error and its application of the guidelines de novo."  *United States v. Victor*, 719 F.3d 1288, 1290 (11th Cir. 2013).  Ultimately, "[t]he government bears the burden of establishing the applicability of a sentencing enhancement by a preponderance of the evidence."  *Id.*

Here, the district court properly applied the four-level enhancement.  Among the evidence produced was an image of a 13-year-old girl penetrating herself with a stick.  Section 2G2.1(b)(4) provides a four-level enhancement for an offense that "involved material that portrays sadistic or masochistic conduct or other depictions of violence."  U.S.S.G. § 2G2.1(b)(4).  In interpreting § 2G2.1(b)(4) and similar guidelines, we have repeatedly held that photographs depicting children being vaginally or anally penetrated, regardless of whether it is by adults or foreign

2

objects, are sadistic.  *See United States v. Hall*, 312 F.3d 1250, 1262–63 (11th Cir. 2002) (involving an image of an adult male penetrating a girl under the age of 12); *United States v. Caro*, 309 F.3d 1348, 1351 (11th Cir. 2002) (involving photos of "prepubescent girls being anally and vaginally penetrated by use of foreign objects"); *United States v. Bender*, 290 F.3d 1279, 1286 (11th Cir. 2002) (involving photographs of children being vaginally and anally penetrated by adult males); *United States v. Garrett*, 190 F.3d 1220, 1224 (11th Cir. 1999) (involving a photo of "an 11 year old girl with a glass soda bottle in her vagina").

Further, we have never applied a subjugation requirement for § 2G2.1(b)(4). We have instead focused on the content that is depicted in the image at issue.  *See generally Hall*, 312 F.3d 1250; *Caro*, 309 F.3d 1348; *Bender*, 290 F.3d 1279; *Garrett*, 190 F.3d 1220.  We decline to adopt such a requirement now.  Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**

3